Keyspan Gas E. Corp. v Supervisor of Town of N. Hempstead (2019 NY Slip Op 00863)





Keyspan Gas E. Corp. v Supervisor of Town of N. Hempstead


2019 NY Slip Op 00863


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-00512
 (Index No. 8194/10)

[*1]Keyspan Gas East Corporation, etc., respondent,
v
Supervisor of Town of North Hempstead, et al., defendants third-party plaintiffs-respondents; County of Nassau, et al., third-party defendants- appellants.


Jared A. Kasschau, County Attorney, Mineola, NY (Lisa LoCurto and Rivkin Radler, LLP [William M. Savino, Stephen J. Smirti, Jr., M. Paul Gorfinkel, and Frank M. Misiti], of counsel), for third-party defendants-appellants.
Jaspan Schlesinger, LLP, Garden City, NY (Maureen T. Liccione of counsel), for defendants third-party plaintiffs-respondents.



DECISION & ORDER
In a consolidated action, inter alia, for a judgment declaring that the imposition of special ad valorem levies for garbage and refuse collection services against certain "mass" properties owned by the plaintiff is illegal and void, the third-party defendants appeal from a judgment of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered September 29, 2015. The judgment, insofar as appealed from, is in favor of the defendants third-party plaintiffs and against the third-party defendants in the principal sum of $1,118,124.58.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
Based upon the Court of Appeals' holding that Nassau County, on behalf of its towns and their ancillary bodies, could not impose special ad valorem levies for garbage service on utility mass property (see New York Tel. Co. v Supervisor of Town of Oyster Bay 4 NY3d 387, 392-395), the plaintiff, Keyspan Gas East Corporation (hereinafter Keyspan), commenced five related actions seeking refunds of such levies for the tax years 2008 to 2012 from defendants, the Town of North Hempstead and various of ancillary bodies thereof (hereinafter collectively the Town). The Town
thereafter commenced third-party actions against the County seeking indemnification pursuant to Nassau County Administrative Code § 6-26.0(b)(3)(c). The actions were subsequently consolidated.
By order dated October 4, 2013, the Supreme Court granted that branch of Keyspan's motion which was for summary judgment declaring that the imposition of special ad valorem levies for garbage and refuse collection services against certain mass properties owned by the plaintiff for the years 2008 through 2012 is illegal and void, and directed the County, which was ultimately responsible for the refunds pursuant to a County guaranty, to pay Keyspan directly. Thereafter, in related litigation, this Court held that the Town must pay refunds to taxpayers directly and seek reimbursement from the County (see New York Tel. Co. v Supervisor of Town of Hempstead, 115 AD3d 821, 824; New York Tel. Co. v Supervisor of Town of Hempstead, 115 AD3d 824, 827-828). Based upon this Court's determination, Keyspan moved, in effect, for leave to renew that branch of its prior motion for summary judgment which was to direct the Town to refund Keyspan for the ad valorem levies Keyspan had paid. The County moved pursuant to CPLR 2221(a), in effect, for leave to renew and for summary judgment "in favor of the County" on the ground that the application of [*2]the County guaranty is unconstitutional. The County also separately moved for summary judgment dismissing Keyspan's complaint and the Town's third-party complaint, inter alia, on the ground that they were barred by the statute of limitations.
In an order entered May 11, 2015, the Supreme Court granted Keyspan's motion for for leave to renew, finding that the Town was directly liable to Keyspan and that the County must indemnify the Town. The court also denied the County's motion, in effect, for leave to renew and for summary judgment, and denied the County's separate motion for summary judgment. The court thereafter entered a judgment, inter alia, directing the Town to refund Keyspan for the ad valorem levies Keyspan had paid, and directing the County to reimburse the Town for the refund paid to Keyspan in the principal sum of $1,118,124.58. The County appeals from the judgment, which brings up for review the order entered May 11, 2015.
For the reasons stated in Verizon New York, Inc. v Supervisor of Town of Hempstead (____ AD3d ___ [Appellate Division Docket No. 2015-08548; decided herewith]), we agree with the Supreme Court's determination to deny both of the County's motions in their entirety and to enter judgment directing the County to reimburse the Town pursuant to the County guaranty.
DILLON, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.

2016-00512 DECISION & ORDER ON MOTION
Keyspan Gas East Corporation, etc., respondent,
v Supervisor of Town of North Hempstead,
et al., defendants third-party plaintiffs-respondents;
County of Nassau, et al., third-party defendants-
appellants.
(Index No. 8194/10)

Motion by the defendants third-party plaintiffs, inter alia, to strike stated portions of the record on an appeal from a judgment of the Supreme Court, Nassau County, entered September 29, 2015, and stated portions of the third-party defendants-appellants' brief on the ground that they contain or refer to matter dehors the record. By decision and order on motion of this Court dated October 24, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that those branches of the motion which are to strike stated portions of the record and stated portions of the third-party defendants-appellants' brief are denied as academic in light of the third-party defendants-appellants' withdrawal, by letter dated March 28, 2018, of the point of its brief referring to the challenged material.
DILLON, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court